## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 20-mj-08216-REINHART

**UNITED STATES OF AMERICA**

**vs.**

**DANIEL SLATER,**

       **Defendant.**

_____/

### UNITED STATES' RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response

complies with Local Rule 88.10, and Federal Rule of Criminal Procedure 16, and is numbered to

correspond with Local Rule 88.10.

A.    1.    There are no written statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

      2.    All recorded oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent have been provided.

      3.    That portion of the written record containing the substance of any oral statements made by the defendant before or after arrest by any person then known to the defendant to be a government agent has been provided.

      4.    The defendant did not testify before the Grand Jury.

      5.    The defendant's NCIC record has been provided.

      6.    Books, papers, documents, photographs, tangible objects, buildings or places, which the United States intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time for both the United States and defense counsel. *All computer and phone extractions may be viewed at the FBI Miami Office.* The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the United States may intend to introduce at trial.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal

Procedure.

C.      The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D.      The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.      The United States will provide the record of prior convictions of any informant who will testify for the United States at trial.

F.      The defendant was identified in a lineup, showup, photo array, or similar identification procedure, and the United States has provided any photos utilized or resulting therefrom.

G.      The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.      The defendant is on notice that all evidence made available to him for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). *Specifically, the United States intends to offer evidence in its case-in-chief at trial that, prior to the offense conduct in this case, (1) the defendant hired or solicited, attempted to hire or solicit, or discussed hiring or soliciting others to kill family members of his ex-girlfriend in this case as well as other individuals; and (2) the defendant possessed narcotics, including cocaine, with the intent to distribute and assisted others in possessing narcotics with the intent to distribute.  The United States has provided reports that summarize some of the testimony that it would elicit to prove said F.R.E. 404(b) and inextricably intertwined evidence.*

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance that was authorized pursuant to Title 18, United States Code, Sections 2516 and 2518, and that has been unsealed in accordance with Title 18, United States Code, Section 2518.

J.      The United States will order transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The United States will, upon request, deliver to any chemist selected by the defendant, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

L.      The United States will permit the defendant, his counsel and any experts selected by the

defense to inspect any automobile, vessel, or aircraft allegedly utilized in the commission of any offenses charged. Counsel for the United States will, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the FBI or any other government authority having custody of the thing to be inspected that such inspection has been ordered by the court.

M.  The United States will provide the defense, for independent expert examination, copies of all latent or palm prints, which have been identified by a government expert as those of the defendant. No such prints have been identified at this time.

N.  The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

O.  The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o).  While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

At the discovery conference, the United States will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order Section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is:

Time: See Indictment
Date:  See Indictment
Place: See Indictment

On September 2, 2020, defense counsel was provided with discovery files and documents numbered 1 – 567. The discovery was provided pursuant to the previously-entered protective order.

<div style="margin-left: 40%;">

Respectfully submitted,
ARIANA FAJARO ORSHAN
UNITED STATES ATTORNEY

By:    /s/ *Jessica Kahn Obenauf*
        JESSICA KAHN OBENAUF
        Assistant United States Attorney
        Florida Bar No. 0052716
        U.S. Attorney's Office
        99 N.E. 4th Street
        Miami, FL 33132-2111
        Telephone: (305) 961-9317
        Email: jessica.obenauf@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on September 2, 2020.

<div style="margin-left: 40%;">

/s/ *Jessica Kahn Obenauf*
JESSICA KAHN OBENAUF
Assistant United States Attorney

</div>